ACCEPTED
03-16-00545-CV
13918619
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/22/2016 8:39:19 AM
JEFFREY D. KYLE
CLERK

No. 03-16-00545-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/22/2016 8:39:19 AM
JEFFREY D. KYLE
Clerk

## COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT
## AUSTIN, TEXAS

ALEJOS PEREZ,

PLAINTIFF-APPELLANT

VS.

FORT WORTH POLICE DEPARTMENT,
TEXAS DEPARTMENT OF PUBLIC SAFETY CRIME LABORATORY,
TARRANT COUNTY AND J. R. MOLINA,

DEFENDANTS-APPELLEES

ON APPEAL FROM THE 345TH DISTRICT COURT
TRAVIS COUNTY, TEXAS

**BRIEF OF APPELLEE CITY OF FORT WORTH, TEXAS**

LAETITIA COLEMAN BROWN
Senior Assistant City Attorney
State Bar No. 00792417
laetitia.brown@fortworthtexas.gov
Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas  76102-6311
817.392.7600
817.392.8359 Facsimile

*Attorneys for Appellee City of Fort Worth*

## IDENTITY OF PARTIES AND COUNSEL

Appellee City of Fort Worth certifies that the persons identified below are a complete list of the parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

**PRO SE PLAINTIFF / APPELLANT:**
Alejos A. Perez   TDCJ #00535652
TDCJ - Clements Unit
9601 Spur 591
Amarillo, Texas 79107

**STUART JENKINS, DIRECTOR OF TEXAS BOARDS OF PARDONS AND PAROLES:**
Stuart Jenkins was Director of the Parole Division of the Texas Department of Criminal Justice until he retired from that position in August, 2016.   See https://www.tdcj.state.tx.us/connections/MayJune2016/Images/MayJun2016_agency_jenkins.pdf.  Appellant attempted to name Stuart Jenkins as a "plaintiff" in the proceeding in the district court.  Appellant has not shown his authority to sue on behalf of the Director of the Parole Division of the Texas Department of Criminal Justice.  Stuart Jenkins did not appear in person or by counsel or participate in the proceeding in the district court.

**DEFENDANT / APPELLEE:**
Tarrant County, Texas

**COUNSEL FOR APPELLEE TARRANT COUNTY:**
Russell A. Friemel
Assistant Criminal District Attorney
Tarrant County, Texas
State Bar No. 07473500
Tim Curry Criminal Justice Center
401 West Belknap Street, 9th Floor
Fort Worth, Texas  76196
Email: RAFRIEMEL@tarrantcountytx.gov
Tel: 817-884-1233; Fax: 817-884-1675

**DEFENDANT / APPELLEE:**
City of Fort Worth misnomered as City of Fort Worth Police Department

**COUNSEL FOR APPELLEE CITY OF FORT WORTH:**
**Gerald Pruitt**
Deputy City Attorney
State Bar No. 16369200
Email: gerald.pruitt@fortworthtexas.gov

**Laetitia Coleman Brown**
Senior Assistant City Attorney
State Bar No.  00792417
Email: laetitia.brown@fortworthtexas.gov

Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas 76102-6311
Tel: 817-392-7600; FAX: 817-392-8359

**DEFENDANT / APPELLEE:**
J. R. MOLINA

**COUNSEL FOR APPELLEE J. R. MOLINA:**
**J. R. Molina, Attorney**
State Bar No. 14256500
Email: jrmolinalaw@gmail.com
1301 N. Houston Street
Fort Worth, Texas  76164
Tel: 817-624-4700; FAX: 817-624-9434

**DEFENDANT:**
TEXAS DEPARTMENT OF PUBLIC SAFETY CRIME LABORATORY

**COUNSEL FOR TEXAS DEPARTMENT OF PUBLIC SAFETY CRIME LABORATORY:**
**Christopher Lee Lindsey**
Assistant Attorney General
State Bar No. 24065628
Email: christopher.lindsey@texasattorneygeneral.gov
Texas Attorney General's Office
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: 512-463-2080; FAX: 512-936-2109

# STATEMENT REGARDING ORAL ARGUMENT

Appellee City of Fort Worth contends that the relevant law in this area is well-settled and the factual background is not complicated. Appellee therefore does not believe that oral argument is necessary or would significantly assist the Court.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................i

STATEMENT REGARDING ORAL ARGUMENT.........................................iii

TABLE OF CONTENTS .................................................................................iv

INDEX OF AUTHORITIES.............................................................................v

I.      STATEMENT OF THE CASE................................................................1

II.     ISSUE PRESENTED ............................................................................2

III.    STATEMENT OF FACTS  ...................................................................2

IV.     SUMMARY OF CITY OF FORT WORTH'S  ARGUMENT .................5

V.      CITY OF FORT WORTH'S ARGUMENT AND AUTHORITIES.........9

        A.      Standard of Review ..................................................................9

        B.      Lack of Subject Matter Jurisdiction .......................................10

        C.      Governmental Immunity under State Law ................................14

        D.      Prosecution and Parole Decision Not City Functions...................17

        E.      Eligibility for Parole (Mandatory Supervision Release)  ..............21

        F.      No Constitutional Right to Release..........................................24

        G.      No Damages Recoverable by Appellant.......................................26

        H.      Declaratory Judgment Unavailable...........................................28

        I.      Proper Venue...........................................................................33

        J.      Designation of Parole Division Director as a Plaintiff .................34

VI.     CONCLUSION AND PRAYER..............................................................36

CERTIFICATE OF COMPLIANCE.................................................................39

CERTIFICATE OF SERVICE .......................................................................40

APPENDIX ...................................................................................................42

# INDEX OF AUTHORITIES

**Page(s)**

**Federal Cases**

Coleman v. Dretke,
   409 F.3d 665 (5th Cir. 2005) (per curiam) .......................................................... 20

Esteves v. Brock,
   106 F.3d 674 (5th Cir. 1997) .......................................................................... 8, 17

Heck v. Humphrey,
   512 U.S. 477, 114 S.Ct. 2364 (1994) ............................................................. 11, 12

Imbler v. Pachtman,
   424 U.S. 409, 96 S.Ct. 984 (1976) ...................................................................... 18

Monell v. Department of Social Services,
   436 U.S. 658, 98 S.Ct. 2018 (1978) ..................................................................... 11


**State Cases**

In re A.D.D.,
   974 S.W.2d 299 (Tex. App. –San Antonio 1998, no pet.) ................................... 12

Alfonso v. Skadden,
   251 S.W.3d 52 (Tex. 2008) .................................................................................. 10

Anthony v. Owens,
   2009 WL 4250762 (Tex. App.–Houston [14th Dist.] July 7, 2009, no
   pet.) ............................................................................................................. 9, 24, 25

Bacon v. Tex. Historical Comm'n,
   411 S.W.3d 161 (Tex.  App.—Austin 2013, no pet.)................................. 8, 15, 18

In re Barnes,
   127 S.W.3d 843 (Tex. App.–San Antonio 2003, orig. proceeding)..................... 12

Bonham State Bank v. Beadle,
   907 S.W.2d 465 (Tex. 1995) ................................................................................ 33

v

Boykin v. Tauss,
　　2016 WL 743423 (Tex. App.–Houston [1st Dist.] Feb. 25, 2016, no
　　pet.) .................................................................................................... 23

Cain v. Tex. Bd. of Pardons and Paroles,
　　104 S.W.3d 215 (Tex. App.–Austin 2003, no pet.) .................................... 8, 19, 23

Charleston v. Pate,
　　194 S.W.3d 89 (Tex. App.–Texarkana 2006, no pet.) ..................................... 8, 18

Chenault v. Phillips,
　　914 S.W.2d 140 (Tex. 1996) ..................................................................... 11

City of Beaumont v. Bouillion,
　　896 S.W.2d 143 (Tex. 1995) ..................................................................... 11

City of Galveston v. State,
　　217 S.W.3d 466 (Tex. 2007) ..................................................................... 15

City of Hempstead v. Kmiec,
　　902 S.W.2d 118 (Tex. App.–Houston [1st Dist.] 1995, no writ) ...................... 7, 16

City of Houston v. Williams,
　　216 S.W.3d 827 (Tex. 2007) ..................................................................... 11

City of North Richland Hills v. Home Town Urban Partners, Ltd.,
　　340 S.W.3d 900 (Tex. App.–Fort Worth 2011, no pet.) ...................................... 37

City of Tyler v. Likes,
　　962 S.W.2d 489 (Tex. 1997) ..................................................................... 27

Clawson v. Wharton County,
　　941 S.W.2d 267 (Tex. App.–Corpus Christi 1996, writ den.) ............................ 19

CSR Ltd. v. Link,
　　925 S.W.2d 591 (Tex. 1996) ..................................................................... 12

Dakil v. Lege,
　　408 S.W.3d 9, 2012 WL 5247300 (Tex. App.–El Paso 2012, no pet.) ................. 36

Dallas County MHMR v. Bossley,
　　968 S.W.2d 339 (Tex. 1998) ..................................................................... 15

Dallas County v. Harper,
    913 S.W.2d 207 (Tex. 1995) ...................................................................... 16

In re Datamark, Inc.,
    296 S.W.3d 614 (Tex. App.–El Paso 2009, no. pet.) ............................................. 10

Dubai Petroleum Co. v. Kazi,
    12 S.W.3d 71 (Tex. 2000) ...................................................................... 12

Font v. Carr,
    867 S.W.2d 873 (Tex. App.–Houston [1st Dist.] 1993, writ dism'd
    w.o.j.) .......................................................................................... 18

Ex parte Geiken,
    28 S.W.3d 553 (Tex. Crim. App. 2000) ............................................................ 9, 26

Hamilton v. Pechacek,
    319 S.W.3d 801 (Tex. App.–Fort Worth 2010, no pet.) ......................................... 3

Hamilton v. Williams,
    298 S.W.3d 334 (Tex. App.–Fort Worth 2009, pet. denied) ................................. 29

Hills v. State,
    2011 WL 5343690 (Tex. App.–Austin Nov. 04, 2011, no pet.) ........................... 26

Ex parte Jeremy Lee Acuna,
    2012 WL 77219 (Ct. Crim. App. 2012) ........................................................... 26

Johnson v. Thaler,
    2011 WL 1833138 (Tex. App.–Austin May 12, 2011, no pet.)(mem.
    op., not designated for publication) ............................................................. 14, 37

Laubach v. State Bar of Texas,
    2000 WL 1675701 (Tex. App.–Austin  Nov. 9, 2000, no pet.) ........................... 16

Lentworth v. Trahan,
    981 S.W.2d 720 (Tex. App.–Houston [1st Dist.] 1998, no pet.) ........................... 3

Lewis v. Marina Bay Trucks, Inc.,
    2007 WL 900785 (Tex. App. –Houston [14th Dist.] Mar. 27, 2007,
    no pet.) .......................................................................................... 1

Luxenberg v. Marshall,
    835 S.W.2d 136 (Tex. App.–Dallas 1992, no pet.) ............................................. 10

Martin v. State Bd. of Crim. Justice,
 60 S.W.3d 226 (Tex. App.–Corpus Christi 2001, no pet.)...................................... 11

Martinez v. Thaler,
 931 S.W.2d 45 (Tex. App.–Houston [14th Dist.] 1996, writ denied)..................... 4

Miles v. Perry,
 2009 WL 2567914 (Tex. App.–Austin Aug. 21, 2009, pet. denied)(mem.
 op., not designated for publication)...................................................................... 28

Miller v. Curry,
 625 S.W.2d 84 (Tex. App.–Fort Worth 1981, writ ref'd n.r.e.)........................... 18

Nabelek v. Garrett,
 2003 WL 21710243 (Tex. App.–Houston [14th Dist.] July 24, 2003,
 pet. denied) (mem. op.).......................................................................................... 33

Nelson v. SCI Texas Funeral Services, Inc.,
 2016 WL 368437 (Tex. App.–Eastland Jan. 29, 2016, no pet.)(not
 designated for publication)..................................................................................... 27

Powell v. Stover,
 165 S.W.3d 322 (Tex. 2005) ................................................................................. 12

Rhey v. Redic,
 408 S.W.3d 440 (Tex. App.–El Paso 2013, no pet.) ............................................. 35

Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.,
 737 S.W.2d 55 (Tex. App.-San Antonio 1987, no writ) ....................................... 31

Scott v. Macha,
 2005 WL 375289 (Tex. App.–Fort Worth, Feb. 17, 2005, reh.
 denied) (not designated for publication) ................................................................. 9

State v. N.R.J.,
 453 S.W.3d 76 (Tex. App.–Fort Worth 2014, rev. den.) ....................................... 2

Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
 852 S.W.2d 440 (Tex. 1993) ........................................................................... 13, 28

Tex. Dep't of Crim. Justice v. Miller,
 51 S.W.3d 583 (Tex. 2001) ................................................................................... 15

Tex. Dep't of Parks & Wildlife v. Miranda,
    133 S.W.3d 217 (Tex. 2004) ................................................................ 12, 32, 37

Texas Youth Com'n v. Garza,
    2011 WL 2937431 (Tex. App.–Corpus Christi–Edinburg July 11, 2011,
    no. pet.)(mem. op., not designated for publication) ............................................ 27

Thomas v. Texas Dept. of Criminal Justice, Inst. Div.,
    848 S.W.2d 797 (Tex. App.—Houston [14th Dist.] 1993, writ
    denied) ...................................................................................................... 4

Thomas v. Wichita Gen. Hosp.,
    952 S.W.2d 936 (Tex. App. –Fort Worth 1997, pet. denied) .............................. 3, 9

Thompson v. Aliseda,
    2009 WL 200994 (Tex. App.–Corpus Christi-Edinburg Jan. 29,
    2009, rev. den.) ...................................................................................... 7, 13

Univ. of Tex. Med. Branch v. York,
    871 S.W.2d 175 (Tex. 1994) ................................................................... 7, 8

Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,
    140 S.W.3d 351 (Tex. 2004) ...................................................................... 10

Vargas v. Tex. Dep't. of Criminal Justice,
    2012 WL 5974078 (Tex. App.- Austin Nov. 30, 2012, pet. denied) ........ 11, 12, 14

Villarreal v. Harris County,
    226 S.W.3d 537 (Tex. App.-Houston [1st Dist.] 2006, no pet.) .......................... 32

Williams Farms Produce Sales, Inc. v. R & G Produce Co.,
    443 S.W.3d 250 (Tex. App.–Corpus Christi 2014, no pet.) ................................ 20

Wornick Co. v. Casas,
    856 S.W.2d 732 (Tex. 1993) ............................................................... 26, 27

**Federal Statutes**

42 U. S.C. § 1983.................................................................................. 11, 37

**State Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 14.001, et seq.....................................*per curiam*

Tex. Civ. Prac. & Rem. Code Ann. § 14.001(1) ........................................... 33

Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014....................................... 3

Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a).................................... 4, 9, 33

Tex. Civ. Prac. & Rem. Code Ann. § 14.003 ............................................... 33

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)....................................... 4, 33

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)........................................ 3

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(1)-(2) ..................... 33

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)-(4)................................. 3

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c)............................................ 3

Tex. Civ. Prac. & Rem. Code Ann. § 15.002 .......................................... 33, 34

Tex. Civ. Prac. & Rem. Code Ann. § 37.001-.011..................................... 6, 28

Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) ......................................... 10

Tex. Civ. Prac. & Rem. Code Ann. § 101.001, et seq................................ 6, 7, 15, 27

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 ........................... 7, 14, 15, 16

Tex. Civ. Prac. & Rem. Code Ann. § 101.024 ............................................ 16

Tex. Civ. Prac. & Rem. Code Ann. § 101.057 ........................................ 7, 16

Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) ................................... 7, 16

Tex. Civ. Prac. & Rem. Code Ann. § 101.102 ............................................ 34

Tex. Civ. Prac. & Rem. Code Ann. § 101.102(a)...................................................... 34

Tex. Code Crim. Proc. Ann. art. 42.12 ............................................... 23, 24, 25

Tex. Code Crim. Proc. Ann. art. 42.12, Sect. 3 ................................... 22, 23, 24

Tex. Code Crim. Proc. Ann. art. 42.12, Sect. 3g(a)(2).................................. 8, 22, 24

Tex. Code Crim. Proc. Ann. art. 11.07 ................................... 7, 9, 13, 14, 26

Tex. Code Crim. Proc. Ann. art. 11.07(b) ............................................. 13

Tex. Gov't Code Ann. § 508.044(a)(1) ............................................... 23

Tex. Gov't Code Ann. § 508.044(b)................................................. 8, 19

Tex. Gov't Code Ann. § 508.044(d) ................................................. 19

Tex. Gov't Code Ann. § 508.0441 ................................................. 19, 20

Tex. Gov't Code Ann. § 508.141 ................................................. 19

Tex. Gov't Code Ann. § 508.144(a)................................................. 19

Tex. Gov't Code Ann. § 508.145 ................................................. 23

Tex. Gov't Code Ann. § 508.145(d)(1) ............................................. 8, 23, 24

Tex. Gov't Code Ann. § 508.145(d)(1),(d)(2).................................... 25, 26

Tex. Gov't Code Ann. § 508.147 ............................................... 21, 22

Tex. Gov't Code Ann. § 508.149 ............................................... 8, 22, 23

Tex. Gov't Code Ann. § 508.149(a)............................................... 9, 21, 25

Tex. Penal Code Ann. § 12.45................................................... 2

Tex. Penal Code Ann. § 12.45(a) ................................................. 2

Tex. Penal Code Ann. § 19.02................................................. 22, 23, 25

**Rules**

Tex. R. Civ. P. 21a.................................................................................................. 29

Tex. R. Civ. P. 25 ............................................................................................. 29, 30

Tex. R. Civ. P. 26 ............................................................................................. 29, 30

Tex. R. Civ. P. 45 ............................................................................................. 29, 30

Tex. R. Civ. P. 47 ................................................................................. 29, 30, 31, 35

Tex. R. Civ. P. 79 .................................................................................................. 35

Tex. R. Civ. P. 85 ....................................................................................... 31, 31, 32

Tex. R. Civ. P. 166a(b) .......................................................................................... 32

**Other Authorities**

**Texas Department of Criminal Justice Website Information:**

http://www.tdcj.state.tx.us/bpp/policies_directives/policies_directives.html
(Last accessed on 11/7/2016) .......................................................................... 20

http://www.tdcj.state.tx.us/bpp/what_is_parole/parole.html
(Last accessed 11/7/2016) .............................................................................. 20

https://www.tdcj.state.tx.us/bpp/ (Last accessed 11/7/2016) ................................... 20

https://www.tdcj.state.tx.us/connections/MayJune2016/Images/MayJun2
016_agency_jenkins.pdf (Last accessed 11/7/2016) ........................................ 35

https://www.tdcj.state.tx.us/divisions/ogc/index.html
(Last accessed 11/7/2016) .............................................................................. 36

https://www.tdcj.state.tx.us/divisions/parole/(Last accessed 11/7/2016).................. 35

http://www.tdcj.state.tx.us/bpp/publications/PIT_eng.pdf
(Last accessed 11/7/2016) ................................................................................ 5

https://offender.tdcj.texas.gov/OffenderSearch/index.jsp
(Last accessed 11/7/2016) ................................................................................ 5

# I. STATEMENT OF THE CASE

The City of Fort Worth, Texas, an appellee in this cause, requests that the Court affirm dismissal of Appellant's claims against the City of Fort Worth pursuant to TEX. CIV. PRAC. & REM. CODE, Chapter 14 ("INMATE LITIGATION"), Sec. 14.001, et seq., for the reasons stated below, and respectfully shows the Court the following:

Appellant's "Petition For Declaratory Judgment," filed March 16, 2016 in Case No. D-1-GN-16-001165, in the 345th Judicial District, of Travis County, Texas, is vague and conclusory but essentially claims that Appellant was denied parole because he was wrongfully convicted or denied release on parole due to records/documents allegedly being altered or denied to him or other procedural error by the defendants. **CR 6, 11, 12.** Appellant's Petition also sought compensatory and punitive damages and declaratory judgment due to the alleged "breach of duty of ordinary care" and denial of equal protection (discrimination/"racism") by the defendants. **CR 12, 13, 14.** Appellees Tarrant County, City of Fort Worth and J. R. Molina filed motions to dismiss in this case pursuant to Chapter 14, of the Texas Civil Practice and Remedies Code.[1] **CR 125, 170, 229.** The district court granted the motions. **CR 332, 333, 334.**

---

[1] The Texas Attorney General's *Amicus Curiae Advisory* relating to the insufficiency of service on the Defendant Texas Department of Public Safety Crime Laboratory was filed in the district court on June 6, 2016. **CR 261.** Subsequently, the district court granted the motions to dismiss of the other defendants. Lewis v. Marina Bay Trucks, Inc., 2007 WL 900785, at *Footnote 2 (Tex.App.-Houston [14th Dist.] Mar. 27, 2007, no pet.)("… unserved party is considered to have been nonsuited without prejudice" if court disposes of claims against all parties except unserved party).

This appeal followed.

## II.  ISSUE PRESENTED

THE TRIAL COURT PROPERLY GRANTED CITY OF FORT WORTH'S MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND DISMISSED APPELLANT'S CLAIMS FOR THE REASON THAT APPELLANT MAY NOT SUE THE CITY OF FORT WORTH TO CHALLENGE HIS CRIMINAL CONVICTION OR THE DURATION OF HIS PRISON CONFINEMENT.

## III.  STATEMENT OF FACTS

Appellant was convicted of murder in Case No. 0366865, *State of Texas v. Alejos Perez*, in the Criminal District Court Number One of Tarrant County, Texas and sentenced to life in prison on December 14, 1989.  **CR 146.**  A "Plea in Bar," pursuant to Section 12.45, Texas Penal Code, was entered in Case No. 0373871, in Criminal District Court No. 1, Tarrant County, Texas, entitled *State of Texas vs. Alejos Perez*, in which Plaintiff was also charged with a separate offense of attempted murder.[2]  **CR 148, 149.**  Plaintiff is presently an inmate of the Institutional Division of the Texas Department of Criminal Justice.

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate

---

[2] The Court in State v. N.R.J., 453 S.W.3d 76, 79 (Tex.App.–Fort Worth 2014, rev. den.) stated:

> Texas Penal Code section 12.45 provides that during a sentencing hearing and with the State's consent, a defendant may admit his guilt of an unadjudicated offense and request that the court take the offense into account in determining the sentence for the offense of which he stands adjudged guilty. Tex. Penal Code Ann. § 12.45(a).  If the trial court takes into account an admitted offense under section 12.45, prosecution for that offense is barred. Id. § 12.45(c).

litigation. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014. When an inmate files an unsworn declaration of inability to pay, the trial court has broad discretion to dismiss the suit if the suit is frivolous or malicious. Id. § 14.003(a)(2); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998, no pet.). In determining whether a claim is frivolous or malicious, a trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. Id.; Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(1)-(4).

An inmate bringing a claim subject to Chapter 14 has no right to an oral hearing on a motion to dismiss. Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.–Fort Worth 1997, pet. denied) (holding that a trial court's determination whether to hold a hearing on a Chapter 14 motion to dismiss is discretionary). Based on Section 14.003(c), it is within the trial court's discretion to hear a motion to dismiss by submission only, without conducting an oral or evidentiary hearing. Hamilton v. Pechacek, 319 S.W.3d 801, 809 (Tex. App.–Fort Worth 2010, no pet.).

Appellant's *Affidavit of Indigence* was filed on March 16, 2016. **CR 20.** Defendant City of Fort Worth was served with citation in this case on May 11, 2016. **CR 164 - 166.** TEX. CIV. PRAC. & REM. CODE, Chapter 14 (Inmate Litigation), §

14.002 (Scope of Chapter) provides:

(a) This chapter applies only to an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.

TEX. CIV. PRAC. & REM. CODE, § 14.003 (Dismissal of Claim) also states:

(a) A court may dismiss a claim, either before or after service of process, if the court finds that:
(1) the allegation of poverty in the affidavit or unsworn declaration is false;
(2) the claim is frivolous or malicious; or
(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

Trial courts have broad discretion in dismissing *in forma pauperis* suits they find to be frivolous. Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.–Houston [14th Dist.] 1996, writ denied); Thomas v. Texas Dept. of Criminal Justice, Inst. Div., 848 S.W.2d 797, 798 (Tex. App.–Houston [14th Dist.] 1993, writ denied).

The City of Fort Worth included in support of its motion to dismiss and incorporated by reference, the documents attached as Exhibits A through K, including the following:

Case No. 0366865, in Criminal District Court No. 1, Tarrant County, Texas, entitled The State of Texas vs. Alejos Perez

a. *Indictment*, filed 5/18/1989 (**Exhibit A**) **CR 246.**
b. *Plea In Bar*, filed 12/13/1989 (**Exhibit B**) **CR 247.**
c. *Waiver of Jury Trial/Agreement to Stipulate Testimony*, filed 12/13/89 (**Exhibit C**) **CR 248.**

d. *Plea Agreement*, filed 12/13/1989 (**Exhibit D**) **CR 249.**

e. *Certificate of Proceedings*, dated 12/13/1989 (**Exhibit E**) **CR250.**

f. *Judgment on Plea of Guilty or Nolo Contendere Before Court*, dated 12/14/1989 (**Exhibit F**) **CR 251.**

Case No. 0373871, in Criminal District Court No. 1, Tarrant County, Texas, entitled <u>The State of Texas vs. Alejos Perez</u>

g. *Indictment*, filed 5/18/1989 (**Exhibit G**) **CR 252.**

h. *Certificate of Proceedings,* dated 12/13/1989 (**Exhibit H**) **CR 253.**

i. *Judgment on Plea In Bar*, dated 12/14/1989 (**Exhibit I**) **CR 254.**

The District Judge signed Items b, c, e, f, h and i. Appellant signed Items b, c and d.

<u>Texas Department of Criminal Justice – Institutional Division</u>

j. *Offender Information Details*[3] (**Exhibit J**) **CR 255.**

<u>Texas Board of Pardons & Parole; Texas Dept. of Criminal Justice – Parole Division</u>

k. *Parole & Mandatory Supervision Eligibility Chart*[4] (Rev. 12/1/2004) (**Exhibit K**) **CR 259.**

The district court held a hearing on July 26, 2016 and after hearing arguments from Appellant and counsel for Appellees, dismissed Appellant's claims. **CR 333.** Appellant also filed an *Affidavit of Indigence*, claiming inability to pay costs of appeal. **CR 348.**

## IV. <u>SUMMARY OF CITY OF FORT WORTH'S ARGUMENT</u>

---

[3] Source: TDCJ-ID Offender Information Search; Link:
https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (Last accessed 11/7/2016.)

[4] Source: <u>Parole In Texas</u> (Booklet, pub'd 2005); Link:
http://www.tdcj.state.tx.us/bpp/publications/PIT_eng.pdf (Last accessed 11/7/2016.)

Based on lack of subject matter jurisdiction, the District Court properly dismissed this suit brought for damages and for declaratory relief filed by Appellant Alejos Perez. Appellant, a state prisoner, claimed, as the basis of his suit, that the Appellees caused his wrongful imprisonment and /or denial of his release from prison. Texas Civil Practices & Remedies Code, Chapter 14 ("Inmate Litigation") authorizes review and dismissal of pro se *in forma pauperis* suits by district courts prior to service of process. The District Court correctly dismissed Appellant's suit, based on lack of jurisdiction, since the Texas Tort Claims Act, Chapter 101 of the Texas Civil Practice & Remedies Code, provides only a limited waiver of governmental immunity but:

1) Does not provide a statutory basis for Appellant to challenge his criminal conviction in a civil court,
2) Does not allow claims for intentional torts,
3) Limits recovery to personal injury damages for physical injury caused by use or misuse of tangible personal property. Information or records manually or electronically recorded or prepared do not constitute tangible personal property.

The Texas Declaratory Judgment Act does not itself create jurisdiction for a district court where jurisdiction does not otherwise exist. Appellant's conviction was affirmed on appeal and has not been set aside or reversed.

Plaintiff was convicted of murder in Case No. 0366865, <u>State of Texas v. Alejos Perez</u>, in the Criminal District Court Number One of Tarrant County, Texas and sentenced to life in prison on December 14, 1989. Attached to City of Fort Worth's

*Motion To Dismiss*, as Exhibits A through K, were documents relevant to his conviction and confinement and parole procedures. **CR 246 - 260.** City of Fort Worth's *Motion To Dismiss* under Chapter 14, TEX. CIV. PRAC. & REM. CODE, was based on the following grounds:

1. Lack of Subject Matter Jurisdiction. Plaintiff's *Petition For Declaratory Judgment* was filed March 16, 2016. Texas courts hold that a writ of habeas corpus is the "exclusive remedy" for addressing alleged irregularities occurring during parole proceedings. Thompson v. Aliseda, 2009 WL 200994 at *2 - 3 (Tex. App.– Corpus Christi-Edinburg Jan. 29, 2009, rev. den.). Texas Code of Criminal Procedure, Art. 11.07 ("Procedure after conviction without death penalty") "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."

2. Governmental Immunity Bars Suit Against City of Fort Worth. The Texas Tort Claims Act (codified in Chapter 101 of the Texas Civil Practice & Remedies Code), § 101.021 ("Governmental Liability") provides a limited waiver of governmental immunity:

> A governmental unit in the state is liable for:
> . . .
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Claims for false arrest and imprisonment are intentional torts. See City of Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex. App.–Houston [1st Dist.] 1995, no writ) (recognizing false arrest and malicious prosecution as intentional torts). Section 101.057 of the TTCA provides: "This chapter does not apply to a claim ... arising out of assault, battery, false imprisonment, or any other intentional tort . . ." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011). Additionally, the Texas Supreme Court has held that information "is an abstract concept, lacking corporeal, physical, or palpable qualities." Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 179 (Tex. 1994). The fact that information is recorded in writing does not render it "tangible." Id. Thus, the Legislature has not eliminated

governmental immunity for damages resulting from the misuse of information, even if that information is in writing or in the form of documents or stored data. Id.

3. Prosecution and Parole Decision Not City Functions. City of Fort Worth, as a local governmental entity, has no involvement in the prosecution of criminal cases by and in the name of the State of Texas or in the criminal case in which Plaintiff was convicted in 1989. A City prosecutor is a state, not county, official when prosecuting criminal cases or engaging in prosecutorial duties. Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997). Any claim against a city prosecutor in an official capacity is also barred by sovereign immunity. Bacon v. Tex. Historical Comm'n, 411 S.W.3d 161, 172 (Tex. App.—Austin 2013, no pet.). Claims against a prosecutor in an individual (personal) capacity are barred by prosecutorial immunity. Charleston v. Pate, 194 S.W.3d 89, 90 (Tex. App.-Texarkana 2006, no pet.).

City of Fort Worth, as a local governmental entity and not a state agency, likewise has no involvement in determining whether state prisoners are granted parole. The Texas Board of Pardons and Parole, a state agency, administers the parole process for state prison inmates. Cain v. Tex. Bd. of Pardons and Paroles, 104 S.W.3d 215, 217 (Tex. App.–Austin 2003, no pet.)("The Board is vested with the power and duty to determine whether and when an inmate should be released on parole, conditions of parole, which parolees should be released from supervision, and whether parole should be continued, modified, or revoked." Tex. Gov't Code Ann. § 508.044(b) (West Supp. 2003).").

4. Eligibility for Parole. An individual convicted of a "3g" offense is not eligible for "mandatory supervision release" (parole). Tex. Gov't. Code, § 508.149 ("Inmates Ineligible for Mandatory Supervision"). Because Appellant was convicted on December 14, 1989 of a murder (Sec. 3(g)(1)(A)) committed on January 23, 1989 and the Judgment contains an "affirmative finding under Sec. 3g(a)(2)" that Plaintiff used a deadly weapon [firearm] in committing the murder for which he was convicted and he was sentenced to life in prison, it appears that he would therefore not be "eligible for release on parole" under Tex. Gov't. Code, § 508.145(d)(1) since he has not served "30 calendar years" on his sentence.

5. No Constitutional Right to Release. The murder conviction for which Appellant was convicted is a "3g offense." He is therefore not eligible for "mandatory supervision" release under Tex. Gov't. Code, Sec. 508.149(a) and has

no protectable constitutional liberty interest in being paroled.  Anthony v. Owens, 2009 WL 4250762 at *2 (Tex. App. – Houston [14th Dist.] July 7, 2009, no pet.)(affirming dismissal of an action for declaratory judgment)("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.")  "[T]o the extent a parole decision may implicate due process rights, . . . remedy is through a post-conviction application for writ of habeas corpus filed under article 11.07 of the Code of Criminal Procedure . . . in the court of original conviction . . . ." Ex parte Geiken, 28 S.W.3d 553, 560, 566 (Tex. Crim. App. 2000).

City of Fort Worth's *Motion To Dismiss* was procedurally correct and properly granted for the reasons stated above.

## V.  CITY OF FORT WORTH'S ARGUMENT AND AUTHORITIES.

City of Fort Worth submits the following reasons for affirming the decision of the trial court:

**A. Standard Of Review**.  The appropriate standard of review in this case is set out in Scott v. Macha, No. 2-04-157-CV, 2005 WL 375289, at *1 (Tex. App. - Fort Worth, Feb. 17, 2005, reh. denied) (not designated for publication):

> Chapter 14 applies to a suit brought by an inmate in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). We review a trial court's dismissal of an inmate's claim under chapter 14 under an abuse of discretion standard. See Bishop v. Lawson, 131 S.W.3d 571, 574 (Tex. App.-Fort Worth 2004, pet. denied); Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.-Fort Worth 1997, pet. denied).  A court abuses its discretion if it acts without reference to guiding rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S. Ct. 2279, 90 L.Ed.2d 721 (1986).

Additionally, when a trial court gives an incorrect legal reason for its decision, an

appellate court may nevertheless uphold the order on any other grounds presented to the trial court and supported by the record. In re Datamark, Inc., 296 S.W.3d 614, 616 (Tex. App.–El Paso 2009, no. pet.), citing Luxenberg v. Marshall, 835 S.W.2d 136, 141–42 (Tex. App.–Dallas 1992, no pet.). See also Alfonso v. Skadden, 251 S.W.3d 52, 55 (Tex. 2008) (where record affirmatively reveals jurisdictional defect, court of appeals cannot assume alternative basis for jurisdiction exists by indulging presumption that "something omitted from the clerk's record might have supported jurisdiction"); Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 58 (Tex. 2004) (Subject-matter jurisdiction cannot be waived and can be raised at any time.).

City of Fort Worth moved for dismissal on the grounds listed below under Sections B - H.

**B. <u>Lack of Subject Matter Jurisdiction.</u>** Appellant sought declaratory judgment. The stated purpose of the Texas Declaratory Judgments Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b). The Supreme Court of Texas has held that the Declaratory Judgment Act is "not a grant of jurisdiction, but a procedural device for deciding cases already within a court's jurisdiction." Martin v. State Bd. of Crim. Justice, 60 S.W.3d 226, 230 (Tex.App.-Corpus Christi 2001, no pet.), citing Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996). The Act also does

not permit an award of damages. See City of Houston v. Williams, 216 S.W.3d 827, 829 (Tex. 2007). Therefore, Plaintiff must seek damages under a different authority.

Texas has no law equivalent to the federal civil rights statute, 42 U. S. Code § 1983, and the Texas Constitution does not create an implied private right of action for money damages. City of Beaumont v. Bouillion, 896 S.W.2d 143, 147 (Tex. 1995). Texas common law does not provide a cause of action for damages for the violation of state constitutional rights. Id. at p. 150. A governmental entity may be liable under § 1983 only if the execution of a custom, policy or procedure adopted by the governmental entity causes a deprivation of a plaintiff's federal constitutional rights. Monell v. Department of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978). No policy or procedure of City of Fort Worth is alleged as causing any violation of Plaintiff's constitutional rights, including due process or equal protection. Additionally, Heck v. Humphrey, 512 U.S. 477, 487, 489. 114 S.Ct. 2364, 2372, 2374 (1994) holds that "[a] claim for damages" concerning a conviction or sentence that has not been so invalidated is not cognizable under § 1983" and the inmate plaintiff's § 1983 claim had not yet arisen because his criminal conviction had not been invalidated. See also Vargas v. Tex. Dep't. of Criminal Justice, No. 03-12-00119-CV, 2012 WL 5974078, at *3 (Tex. App.—Austin Nov. 30, 2012, pet. denied) (mem. op.) (citing Heck for the proposition that when a civil suit necessarily implies the invalidity of an inmate's conviction, it must be dismissed unless the plaintiff can demonstrate that the

sentence has already been invalidated).

Subject matter jurisdiction is a question of law.  Powell v. Stover, 165 S.W.3d 322, 324 (Tex. 2005).  "A court must possess both subject matter jurisdiction over a case and personal jurisdiction over a party to issue a binding judgment."  CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996).  Subject matter jurisdiction refers to the power of a court to hear a particular type of suit.  Id.  When an action is grounded in statute, subject matter jurisdiction must be shown under the applicable statute.  Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000); In re Barnes, 127 S.W.3d 843, 846–47 (Tex. App.-San Antonio 2003, orig. proceeding).  "Subject matter jurisdiction is never presumed and cannot be waived."  Barnes, 127 S.W.3d at 846.  Rather, it " 'exists by operation of law only, and cannot be conferred upon any court by consent or waiver.' "  In re A.D.D., 974 S.W.2d 299, 303 (Tex. App.-San Antonio 1998, no pet.).  Governmental immunity from suit defeats a trial court's subject matter jurisdiction. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225 (Tex. 2004).  To invoke the district court's subject matter jurisdiction in this case as to any claim against City of Fort Worth, Appellant was first required to overcome the City's governmental immunity.  The burden is on the plaintiff to plead facts that affirmatively demonstrate subject matter jurisdiction.  Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Appellant has not shown subject matter jurisdiction.

Texas Code of Criminal Procedure, Art. 11.07 ("Procedure after conviction without death penalty") "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."  Art. 11.07, Sec. (b) states (underline added):

> An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, <u>must be filed with the clerk of the court in which the conviction being challenged was obtained</u>, and the clerk shall assign the application to that court.

Texas courts also hold that a writ of habeas corpus is the "exclusive remedy" for addressing alleged irregularities occurring during parole proceedings.  In <u>Thompson v. Aliseda</u>, 2009 WL 200994 at *2 - 3 (Tex. App.–Corpus Christi-Edinburg Jan. 29, 2009, rev. den.), the Court stated:

> Texas courts have held that a person alleging irregularities occurring during parole proceedings should raise those issues by way of a post-conviction application for writ of habeas corpus under article 11.07 of the code of criminal procedure.  See <u>Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.</u>, 910 S.W.2d 481, 484 (Tex.Crim.App.1995); see also <u>Williams v. Owens</u>, No. 11-06-00184-CV, 2007 Tex.App. LEXIS 6344, at *5, 2007 WL 2284551 (Tex.App.-Eastland Aug. 9, 2007, pet. denied) (mem.op.) (per curiam) (citing Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); <u>Bd. of Pardons & Paroles</u>, 910 S.W.3d at 484).  Article 11 .07 of the code of criminal procedure provides that the Texas Court of Criminal Appeals retains the exclusive authority to grant relief in such proceedings.  See Tex.Code Crim. Proc. Ann. art. 11 .07, § 3; see also <u>Bd. of Pardons & Paroles</u>, 910 S.W.2d at 484. Because a writ of habeas corpus is the exclusive remedy for addressing alleged irregularities occurring during parole proceedings, and because Thompson is essentially challenging the duration of his incarceration, the trial court did not have jurisdiction to grant Thompson the relief requested in his original petition.

In <u>Johnson v. Thaler</u>, 2011 WL 1833138 at *1 (Tex. App. – Austin May 12, 2011, no pet.), the plaintiff claimed that his parole date was wrong because the trial court's judgment did not include a deadly weapon finding and asked the court to order that his TDCJ records be "adjusted to show his parole date and release date." The trial court dismissed Johnson's claim as frivolous, finding that there was no subject matter jurisdiction. <u>Id</u>. at 3. The Court of Appeals noted that: "The procedure set forth in article 11.07 is exclusive, and any other proceeding is void and of no force and effect in discharging the inmate." <u>Id</u>. at 2. See also <u>Vargas v. Tex. Dep't of Crim. Justice</u>, No. 03–12–00119–CV, 2012 WL 5974078 at *3 (Tex. App.–Austin Nov. 30, 2012, no pet.) (mem. op.) ("… state inmates must use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement.").

**C. <u>Governmental Immunity under State Law.</u>** City of Fort Worth is immune from any claim for compensatory or punitive damages by Appellant based on the doctrine of governmental immunity since immunity from suit for damages is not waived by TEX. CIV. PRAC. & REM. CODE § 101.021 for the types of claim asserted by Appellant. Under TEX. CIV. PRAC. & REM. CODE § 101.021, a governmental entity may be sued only for negligence involving the use or misuse of real or personal property - not for wrongful conviction or civil rights violations which are considered intentional torts. Governmental immunity protects local government units, such as City of Fort Worth, when performing "governmental" functions, which are essentially

those in which a unit is deemed to be acting as an arm of the State and in the interest of the general public. City of Galveston v. State, 217 S.W.3d 466, 469 (Tex. 2007). A waiver of governmental immunity by the Texas Legislature may be by statute but the Legislature's intent to waive immunity must be expressed in "clear and unambiguous language." Bacon v. Texas Historical Comm'n, 411 S.W.3d 161, 173 (Tex. App.—Austin 2013, no pet.)

The Texas Tort Claims Act ("TTCA"), codified in Chapter 101 of the Texas Civil Practice & Remedies Code, establishes a limited waiver of governmental immunity and authorizes suits to be brought against governmental units in certain narrowly-defined circumstances. Tex. Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); see Dallas County MHMR v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). Texas Civil Practice & Remedies Code, § 101.021 (Governmental Liability) provides:

A governmental unit in the state is liable for:
    . . .
(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Claims for false arrest and malicious prosecution are intentional torts. See City of Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex. App.–Houston [1st Dist.] 1995, no writ) (recognizing false arrest and malicious prosecution as intentional torts). Section 101.057 of the TTCA provides: "This chapter does not apply to a claim ... arising out

of assault, battery, false imprisonment, or any other intentional tort, . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011). Additionally, the TTCA does not authorize exemplary (punitive) damages. See Tex. Civ. Prac. & Rem. Code Ann. § 101.024 (West 2011) ("This chapter does not authorize exemplary damages."). Appellant has not identified any applicable waiver of immunity or alleged any type of claim not barred by governmental immunity. In <u>Dallas County v. Harper</u>, 913 S.W.2d 207, 207 - 208 (Tex. 1995), the Texas Supreme Court, in holding that use or misuse of an expunged indictment was not "tangible personal property," for purposes of sovereign immunity waiver under the Tort Claims Act, explained that that "simply reducing information to writing or paper does not make information 'tangible personal property.'" Likewise, in <u>Laubach v. State Bar of Texas</u>, No. 03-00-00282-CV, 2000 WL 1675701, at *1 (Tex. App. – Austin, Nov. 9, 2000, no pet.), the Court of Appeals stated:

> . . . the Texas Tort Claims Act does not waive immunity for the negligent or wrongful use of information contained in papers and documents. <u>Dallas County v. Harper</u>, 913 S.W.2d 207, 207-08 (Tex.1995); York, 871 S.W.2d at 179; <u>DeWitt</u>, 897 S.W.2d at 450-51; <u>Texas Dep't of Human Servs. v. Benson</u>, 893 S.W.2d 236, 239-40 (Tex. App.-Austin 1995, writ denied); <u>Texas Dep't of Human Servs. v. Sakil</u>, 25 S.W.3d 22, 25 (Tex. App.-El Paso 1999, pet. denied); <u>Allen v. City of Midlothian</u>, 927 S.W.2d 316, 322- 23 (Tex. App.-Waco 1996, no writ). Laubach's suit complains that the State Bar misused information contained in his grievance proceeding. Such claims do not fall within the limited waiver of immunity contained in the Texas Tort Claims Act, and his suit is barred by sovereign immunity.

**D. <u>Prosecution and Parole Decision Not City Functions</u>.** City of Fort Worth,

as a local governmental entity, has no involvement generally in the prosecution of felony criminal cases by and in the name of the State of Texas or in the criminal case for which Appellant was convicted in 1989. A criminal district attorney is a state, not county or city, official when prosecuting criminal cases or engaging in prosecutorial duties. In Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997), the Fifth Circuit Court of Appeals stated the following:

> Texas law makes clear, however, that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted. "Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom...."[14] In Echols v. Parker we found that a Texas district attorney is a state official when instituting criminal proceedings to enforce state law. A county official "pursues his duties as a state agent when he is enforcing state law or policy."[15] In Krueger v. Reimer[16] we found that the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable.
>
> [14] Tex. Code Crim. Proc. Ann. art. 2.01; Tex. Const. art. V, § 21; Tex.Gov't Code Ann. § 43.180(b) ("The district attorney shall represent the state in criminal cases pending in the district and inferior courts of the county.").
> [15] 909 F.2d at 801.
> [16] 66 F.3d 75 (5th Cir.1995).

Any claim against a criminal district attorney or an assistant criminal district attorney in an official capacity is also barred by sovereign immunity. In Bacon v. Tex. Historical Comm'n, 411 S.W.3d 161, 172 (Tex. App.—Austin 2013, no pet.), the Court noted:

Absent Legislative waiver, sovereign immunity deprives Texas courts of subject-matter jurisdiction over any suit against the State or its agencies or subdivisions. See, e.g., Texas Dep't of Transp. v. Sefzik, 355 S.W.3d 618, 620–21 (Tex.2011) (per curiam). That same immunity generally extends to Texas state officials who are sued in their official capacities because that "is merely 'another way of pleading an action against the entity of which [the official] is an agent.' " City of El Paso v. Heinrich, 284 S.W.3d 366, 373 (Tex.2009).

Claims against a prosecutor in his or her individual (personal) capacity are generally barred by prosecutorial immunity. "District attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions." Charleston v. Pate, 194 S.W.3d 89, 90 (Tex. App.-Texarkana 2006, no pet.) (citing Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Font v. Carr, 867 S.W.2d 873 (Tex.App.-Houston [1st Dist.] 1993, writ dism'd w.o.j.); Miller v. Curry, 625 S.W.2d 84, 86-87 (Tex. App.-Fort Worth 1981, writ ref'd n.r.e.)). "Absolute immunity will shelter a prosecutor even should he act maliciously, wantonly, or negligently. Imbler, 424 U.S. at 416, 96 S.Ct. at 988 (prosecutor was absolutely immune for knowingly eliciting perjured testimony); . . ." Clawson v. Wharton County, 941 S.W.2d 267, 272 (Tex. App.-Corpus Christi 1996, writ den.).

City of Fort Worth, as a local governmental entity and not a state agency, likewise has no involvement in determining whether state prisoners are granted parole. The Texas Board of Pardons and Parole, a state agency, administers the parole process for state prison inmates. In Cain v. Tex. Bd. of Pardons and Paroles, 104 S.W.3d 215, 217 (Tex. App.–Austin 2003, no pet.), the Court noted the following:

The Board is vested with the power and duty to determine whether and when an inmate should be released on parole, conditions of parole, which parolees should be released from supervision, and whether parole should be continued, modified, or revoked. Tex. Gov't Code Ann. § 508.044(b) (West Supp.2003). The Board "may adopt reasonable rules" related to parole eligibility, the conduct of a parole hearing, or parole conditions. Id. § 508.044(d). The Board is also to develop guidelines on which to base parole decisions. Id. § 508.144(a) (West 1998).

Texas Government Code §508.141 (Authority to Consider and Order Release on

Parole) states:

(a) A parole panel may consider for release and release on parole an inmate who:
(1) has been sentenced to a term of imprisonment in the institutional division;
(2) is confined in a penal or correctional institution, including a jail in this state, a federal correctional institution, or a jail or a correctional institution in another state; and
(3) is eligible for release on parole.
(b) A parole is issued only on the order of a parole panel.

Texas Government Code, § 508.0441 (Release and Revocation Duties) states:

(a) Board members and parole commissioners shall determine:
(1) which inmates are to be released on parole or mandatory supervision;
(2) conditions of parole or mandatory supervision, including special conditions;
(3) the modification and withdrawal of conditions of parole or mandatory supervision;
(4) which releasees may be released from supervision and reporting; and
(5) the continuation, modification, and revocation of parole or mandatory supervision.
. . .
(c) The board may adopt reasonable rules as proper or necessary relating to:
(1) the eligibility of an inmate for release on parole or release to mandatory supervision;
(2) the conduct of a parole or mandatory supervision hearing; or
(3) conditions to be imposed on a releasee.

The Board's public website (https://www.tdcj.state.tx.us/bpp/ )[5] states:

> The Board of Pardons and Paroles decides which eligible offenders to release on parole or discretionary mandatory supervision, and under what conditions. The Board uses research-based Parole Guidelines to assess each offender's likelihood for a successful parole against the risk to society.

See City of Fort Worth's *Appendix* (pg. 1) attached hereto.  The Board's website also

states: "Board policies set standards and guidelines for administering the business of

the Board and are adopted by Board vote." (See website:

http://www.tdcj.state.tx.us/bpp/policies_directives/policies_directives.html.)

*Appendix*, pg. 2.  The Board's website

(http://www.tdcj.state.tx.us/bpp/what_is_parole/parole.htm)(*Appendix*, pg. 5)

provides the following explanation of parole and its function:

> PAROLE / MANDATORY SUPERVISION INFORMATION
> What is Parole?
> Parole is the discretionary release of an offender, by a Board of Pardons and Paroles decision, to serve the remainder of a sentence in the community under supervision.
> Parole is a privilege, not a right.
>
> What is Mandatory Supervision?
> Mandatory Supervision is a legislatively mandated release of a prisoner to parole supervision when the combination of actual calendar time and good conduct time equal the sentence. Good conduct time is credited to an offender for participating in work and self-improvement programs.

---

[5] Last accessed 11/15/16.  A court may take judicial notice of documents and information on government websites. Williams Farms Produce Sales, Inc. v. R & G Produce Co., 443 S.W.3d 250, 259 (Tex.App.–Corpus Christi 2014, no pet.); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website).

Not all offenders are eligible. Offenders convicted of offenses listed under §508.149(a) Government Code, are not eligible. Also, the Board may deny mandatory release on a case-by-case basis for offenders whose offense date was on or after September 1, 1996 (Discretionary Mandatory Release).

Updated 01/16/2013

City of Fort Worth, as a local governmental entity, has no authority or responsibility for or involvement in either prosecutorial functions or parole decisions. Appellant's claims against City of Fort Worth have no basis in fact or law and therefore are frivolous and were correctly dismissed.

E. **Eligibility for Parole (Mandatory Supervision Release).** After pleading guilty, Appellant was convicted of murder (offense committed in January, 1989) and sentenced to life in prison in December, 1989. See Exhibits A – J attached to City of Fort Worth's Motion To Dismiss (**CR 246 - 256**). Texas Government Code § 508.147 ("Release to Mandatory Supervision") states the following:

(a) Except as provided by Section 508.149, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced.
(b) An inmate released to mandatory supervision is considered to be released on parole.

Texas Government Code, § 508.149 ("Inmates Ineligible for Mandatory Supervision") provides:

(a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of:
(1) an offense for which the judgment contains an affirmative finding under

Section 3g(a)(2), Article 42.12, Code of Criminal Procedure;
(2) a first degree felony or a second degree felony under Section 19.02, Penal Code; ....

Texas Penal Code, § 19.02 ("Murder"), in relevant part, states:

(b) A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual;
(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or
(3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Texas Code of Criminal Procedure, Art. 42.12, Section 3, identifies "3g offenses" and states:

Sec. 3. (a) A judge, in the best interest of justice, the public, and the defendant, after conviction or a plea of guilty or nolo contendere, may suspend the imposition of the sentence and place the defendant on community supervision or impose a fine applicable to the offense and place the defendant on community supervision.

Secs. 3a to 3f. [Blank].
Sec. 3g. (a) The provisions of Section 3 of this article do not apply:
(1) to a defendant adjudged guilty of an offense under:
(A) Section 19.02, Penal Code (Murder); . . . .
(2) to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment.

Like community supervision (probation), an individual convicted of a "3g" offenses

is not eligible for "mandatory supervision release" (parole).  See above: Tex. Gov't. Code, § 508.149 ("Inmates Ineligible for Mandatory Supervision").  In Boykin v. Tauss, 2016 WL 743423, *2+, Tex. App.-Houston [1st Dist.] Feb. 25, 2016, no pet.), the Court explained Government Code § 508.145 ("Eligibility for Release on Parole; Computation of Parole Eligibility Date") as follows:

> The statute governing parole for "3g" crimes does not require that the Board grant the inmate parole at that first opportunity.  See Tex. Gov't Code Ann. § 508.145(d)(1) ("An inmate serving a sentence for offense described by Section 3g ... is not eligible for release on parole until the inmate's actual calendar time served ... equals one-half of the sentence...").  "[P]arole is a privilege not a right to which an inmate is entitled once he or she accrues a set amount of time-served credit." Cain v. Tex. Bd. of Pardons and Paroles, 104 S.W.3d 215, 218 (Tex.App.–Austin 2003, no pet.).  "When the inmate accrues sufficient time-served credit, the Board determines whether to grant or deny parole." Cain, 104 S.W.3d at 217; see Tex. Gov't Code Ann. § 508.044(a)(1) (West 2012) ("Board members ... shall determine which inmates are to be released on parole....."); . . .

Texas Government Code, § 508.145(d)(1) however states:

> (d)(1) An inmate serving a sentence for an offense described by **Section 3g(a)(1)(A)**, (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), (M), or (N), Article 42.12, Code of Criminal Procedure, an offense for which the **judgment contains an affirmative finding under Section 3g(a)(2)** of that article, an offense under Section 20A.03, Penal Code, or an offense under Section 71.02 or 71.023, Penal Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or **30 calendar years**, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

(Bold/underline added.)  Because Appellant was convicted on December 14, 1989 of a murder (Sec. 3(g)(1)(A)) committed on January 23, 1989, the Judgment contains an

"affirmative finding under Sec. 3g(a)(2)" that Appellant used a deadly weapon [firearm] in committing the murder for which he was convicted and he was sentenced to life in prison, he would therefore <u>not</u> be "eligible for release on parole" since he has not served "30 calendar years" on his sentence. Section 508.145(d)(1) does not establish a mandatory date that the Board is required to release him on parole but only establishes the earliest date on which he <u>may be</u> eligible for release on parole. Due to the type of his offense, Perez is not entitled to parole.

**F. <u>No Constitutional Right To Release.</u>** In <u>Anthony v. Owens</u>, 2009 WL 4250762 at *2 (Tex. App. – Houston [14th Dist.] July 7, 2009, no pet.), in affirming dismissal of an action for declaratory judgment, the Court of Appeals stated:

> There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. <u>Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Once a person has been convicted of an offense, he has no constitutional right to be released on parole before completion of his sentence. <u>Clark v. State</u>, 754 S.W.2d 499, 501 (Tex.App.-Fort Worth 1988, no pet.). The decision to release or not release an inmate, even though he is eligible for parole, remains within the sound discretion of the Board of Pardons and Paroles and is not the basis for a due process challenge. See <u>Nabelek</u>, 2003 WL 1738392, at *1; see also <u>Ex parte Geiken</u>, 28 S.W.3d 553, 556 (Tex.Crim.App.2000).
> . . .
> To bring a due process claim, the plaintiff must assert a liberty or property interest that is protected by the Fourteenth Amendment to the United States Constitution. <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); <u>Concerned Cmty. Involved Dev., Inc. v. City of Houston</u>, 209 S.W.3d 666, 671 (Tex.App.-Houston [14th Dist.] 2006, pet. denied). The Court of Criminal Appeals has determined that there is a protectable liberty interest in mandatory supervision release under section

508.149 of the Government Code.  <u>Geiken</u>, 38 S.W.3d at 559. However, inmates convicted of certain offenses, including capital murder, are not eligible for mandatory supervision release.  Tex. Gov't Code Ann. § 508.149(a) (Vernon Supp.2008).

Like the capital murder conviction involved in <u>Anthony</u>, the murder for which Appellant was convicted is also a "3g offense" and Appellant is therefore not eligible for "mandatory supervision" release under Sec. 508.149(a)[6] and has no protectable constitutional liberty interest in being paroled.  See Exhibit K (*Parole & Mandatory Supervision Eligibility Chart*) to City of Fort Worth's Motion to Dismiss (**CR 259**).

Under § 508.145(d)(1),(2), an inmate with a "3g" conviction "is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less . . . ."  For inmates who <u>are eligible</u> for discretionary or mandatory parole but are denied parole by the Board, "the parole panel's decision to deny release is not subject to judicial review."  <u>Ex parte Geiken</u>, 28 S.W.3d 553, 560, 566 (Tex. Crim. App. 2000).  While "the procedures implemented by the Board when reviewing an <u>eligible</u> inmate's release are reviewable" and the inmate is entitled to "some minimal

---

[6] Texas Government Code, § 508.149 ("Inmates Ineligible for Mandatory Supervision"):

(a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of:
(1) an offense for which the judgment contains an affirmative finding [deadly weapon used] under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure;
(2) a first degree felony or a second degree felony under Section 19.02 [murder], Penal Code; . . . .

due process" (reasonable notice and opportunity to be heard), "to the extent a parole decision may implicate due process rights, . . . remedy is through a post-conviction application for writ of habeas corpus filed under article 11.07 of the Code of Criminal Procedure . . . in the court of original conviction . . . ." Id. at 560, Hills v. State, 2011 WL 5343690 at *1 (Tex. App.-Austin Nov. 04, 2011, no pet.); Ex parte Jeremy Lee Acuna, 2012 WL 77219 at *1 (Ct. Crim. App. 2012).

**G. No Damages Recoverable by Appellant.** As explained above, Mr. Perez has no property damage. He claims no physical (bodily) injury. *Plaintiff's Petition* (pg. 5) states: "... information from Defendants … over and over ... deny plaintiff … release on parole ..." (**CR 10)** and defendants "… intentionally (illegally) altered … files, records, reports and indictment … to conceal the illegal manufacture [of] indictment …." (**CR 11)**. In Wornick Co. v. Casas, 856 S.W.2d 732, 734 (Tex. 1993), the Texas Supreme Court stated:

> We recently recognized the tort of intentional infliction of emotional distress, adopting the elements set forth in Restatement (Second) of Torts § 46 (1965). Twyman v. Twyman, 855 S.W.2d 619 (Tex.1993). To recover under this tort, the plaintiff must prove that 1) the defendant acted intentionally or recklessly, 2) the conduct was "extreme and outrageous," 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the resulting emotional distress was severe. Id. at 621.

In Texas Youth Com'n v. Garza, No. 13–11–00091–CV, 2011 WL 2937431, at *2 (Tex. App.–Corpus Christi–Edinburg July 11, 2011, no. pet.)(mem. op., not designated for publication), the Court noted the following:

The TTCA expressly retains the State's sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort," including claims for intentional infliction of emotional distress. Id. § 101.057(2); see Nueces County v. Ferguson, 97 S.W.3d 205, 223 (Tex.App.-Corpus Christi 2002, no pet.) ("[T]he Texas Tort Claims Act specifically preserves sovereign immunity as to intentional torts.... Thus sovereign immunity is not waived for a claim of intentional infliction of emotional distress.").

The TTCA clearly does not allow recovery for intentional infliction of emotional damages.[7]

**H. Declaratory Judgment Unavailable.** Appellant's *Petition* **(CR 6 – 19)** seemingly requested the trial court to grant "declaratory judgment relief" as to (1) procedural matters related to his conviction, (2) compensatory and punitive monetary damages, and (3) denial of his release from prison (parole). In Miles v. Perry, No. 03-07-00023-CV, 2009 WL 2567914, at *2 (Tex. App.–Austin Aug. 21, 2009, pet. denied)(mem. op., not designated for publication), the court of appeals citing Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993), found that

---

[7] The Eastland Court of Appeals, in Nelson v. SCI Texas Funeral Services, Inc., No. 11–13–00334–CV, 2016 WL 368437 (Tex. App. – Eastland, Jan. 29, 2016, no pet.)(not designated for publication) recently noted:

The Texas Supreme Court revisited a claim of negligent infliction of mental anguish in City of Tyler v. Likes, 962 S.W.2d 489, 492–93 (Tex.1997). Likes involved a suit against a municipality for flood damage. 962 S.W.2d at 492. The property owner sought damages for mental anguish based on flood damage to her home. Id. at 492–93. The supreme court held that the property owner could not recover damages for mental anguish arising out of harm to her property. Id. at 493. The court in Likes expounded upon its earlier holding in Boyles that Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish. Id. at 494.

the trial court had no jurisdiction in suit for declaratory judgment to determine that the statute on which conviction was based was unconstitutional and stated:

> The Uniform Declaratory Judgments Act ("the Act")[Tex. Civ. Prac. & Rem. Code Ann. §§37.001-.011] is merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions. Id. The Act does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature. Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). Finding that Miles' petition is, in reality, an application for writ of habeas corpus and that only the court of criminal appeals has jurisdiction to entertain such an application, we hold that the district court lacked subject- matter jurisdiction to consider this matter and that any opinion issued by that court would have been advisory.

> We affirm the court's order granting the plea to the jurisdiction and dismissing this cause.

Subsequent to and apparently in response to City of Fort Worth's *Motion To Dismiss*[8] filed on 6/01/2016 pursuant to TEX. CIV. PRAC. & REM. CODE, Chapter 14 ("INMATE LITIGATION"), Sec. 14.001, et seq., Appellant filed various documents including:

1) ***Plaintiff's Motion And Support of Request for Default Judgment*** (filed 5/24/2016);
2) ***Plaintiff's Motion In Exception To Defendant's Original Answer*** (filed 5/31/2016);
3) ***Plaintiff's Rejection Of Defendant's Motion To Dismiss*** (filed 6/6/2016);

---

[8] This motion may be decided on submission (without hearing). Hamilton v. Williams, 298 S.W.3d 334, 340 (Tex. App.–Fort Worth 2009, pet. denied) ("an inmate who brings a claim falling within the scope of chapter fourteen has no right to notice of a motion to dismiss, nor to a mandatory hearing").

4) ***Plaintiff's (Immunity) Objection To Defendant Tarrant County's Request to Dismiss Pursuant to Chapter 14*** (filed 6/7/2016).

Document 1 above was received by City of Fort Worth's attorney of record from Appellant on 6/7/16. **CR 211.** Documents 2, 3, and 4 (**CR 223, CR 264, CR 266)** were not served on City of Fort Worth's attorney by Plaintiff as required by Tex. R. Civ. P., Rule 21a ("Methods of Service") and copies were requested by counsel from the Court Clerk. Although it is difficult to understand his arguments, it appears that Appellant, by the documents listed above, essentially seeks to raise the following issues:

1. Sufficiency of City of Fort Worth's *Motion To Dismiss* as a responsive pleading under Rules 25, 26, 45, 47, Tex. R. Civ. P. [Plaintiff's Documents 1 - 4];
2. Proper Venue in this case [Plaintiff's Document 4];
3. The caption or style of City of Fort Worth's *Motion To Dismiss* not showing Stuart Jenkins, the Director of the Parole Division of the Texas Department of Criminal Justice, as a plaintiff in this action. [Plaintiff's Document 4]

City of Fort Worth addressed each of these issues as follows:

1. Sufficiency of City of Fort Worth's *Motion To Dismiss* as a responsive pleading.

In his responses, Appellant refers to Rules 25, 26, 45 and 47, Tex. R. Civ. P.

Rule 25 (entitled "Clerk's File Docket") states:

Each clerk shall keep a file docket which shall show in convenient form the number of the suit, the names of the attorneys, the names of the parties to the suit, and the nature thereof, and, in brief form, the officers return of process, and all subsequent proceedings had in the case with the dates thereof.

Rule 26 (entitled "Clerk's Court Docket") states:

Each clerk shall also keep a court docket in a permanent record that shall include the number of the case, and the names of the parties, the name of the attorneys, the nature of the action, the pleas, the motions, and the ruling of the court as made.

Rule 45 (entitled "Definition & System") states:

Pleadings in the district and county courts shall
(a) be by petition and answer;
(b) consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole; and
(c) contain any other matter which may be required by any law or rule authorizing or regulating any particular action or defense.
. . .
All pleadings shall be construed so as to do substantial justice.

Rule 47 (entitled "Claims For Relief") states:

An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:
(a) a short statement of the cause of action sufficient to give fair notice of the claim involved;
(b) a statement the damages sought are within the jurisdictional limits of the court; ….

None of the foregoing rules indicates that City of Fort Worth's *Motion To Dismiss* was for any reason insufficient or improper. Tex. R. Civ. P., Rule 85 (entitled "Original Answer; Contents") states:

The original answer may consist of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas; of special exceptions, of general denial, and any defense by way of avoidance or estoppel, and it may present a cross-action, which to that extent will place defendant in the attitude of a plaintiff. Matters in avoidance and estoppel may be stated together, or in

several special pleas, each presenting a distinct defense, and numbered so as to admit of separate issues to be formed on them.

The term "answer" has been construed to mean a "written pleading of some character." Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc., 737 S.W.2d 55, 56 (Tex. App.-San Antonio 1987, no writ). Defendant City of Fort Worth filed a motion to dismiss under Chapter 14 ("Inmate Litigation"), Texas Civil Practices and Remedies Code, since the statutory procedure established is specifically intended to provide for "judicial screening" of *pro se* inmate suits. Other authorized, comparable procedures include plea to the jurisdiction under Rule 85, Tex. R. Civ. P. (for state negligence/tort claims) and/or motion for summary judgment under Rule 166a(b), Tex. R. Civ. P. (for state and federal claims).

A motion to dismiss filed pursuant to Chapter 14, TEX. CIV. PRAC. & REM. CODE, is effectively a plea to the jurisdiction and constitutes a responsive pleading under Tex. R. Civ. P., Rule 85 ("Original Answer; Contents"). City of Fort Worth's *Motion To Dismiss* is based, in part, on governmental immunity and lack of subject matter jurisdiction. In Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004), the Texas Supreme Court stated that: "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." In Villarreal v. Harris County, 226 S.W.3d 537, 541 (Tex. App.-Houston [1st Dist.] 2006, no pet.), the Court of Appeals stated the following:

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo because the question of whether a court has subject matter jurisdiction is a matter of law. Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex.2004); Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.2004). Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction.[1] Miranda, 133 S.W.3d at 225–26.

> [1] As the Texas Supreme Court has observed, (1) sovereign immunity refers to the State's immunity from suit and liability and protects the State and its divisions, and (2) governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n. 3 (Tex. 2003).

A suit brought by an inmate in which the inmate files an affidavit of inability to pay costs may be dismissed if the trial court finds that the claim is frivolous or malicious, such as where the claim's realistic chance of success is slight or the claim has no arguable basis in law. See TEX. CIV. PRAC. & REM. CODE, §§ 14.001(1), 14.002(a), 14.003(a)(2), (b)(1)-(2) (Vernon 2002). Nabelek v. Garrett, 2003 WL 21710243, at *2 (Tex. App.-Houston [14th Dist.] July 24, 2003, pet. denied) (mem. op.)("Not only do the conditions for dismissal under section 14.003 not require a motion to be filed by a defendant, they allow a trial court to dismiss a case before process has even been served. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) .. . .").

**I.** **<u>Proper Venue.</u>** *Plaintiff's (Immunity) Objection To Defendant Tarrant County's Request to Dismiss Pursuant to Chapter 14* (filed 6/7/2016) makes reference to transfer of venue. Plaintiff's "*Petition For Declaratory Judgment*" was filed March

16, 2016.  Actions for declaratory judgments are governed by general venue rules for

civil actions.  Bonham State Bank v. Beadle, 907 S.W.2d 465 (Tex. 1995).  Tex. Civ.

Prac. & Rem. Code Ann. § 15.002 ("Venue: General Rule") states:

(a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:
   (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
   (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
   (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or
   (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

(b) For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue under this subchapter or Subchapter C to any other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of the answer, where the court finds:
   (1) maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;
   (2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and
   (3) the transfer of the action would not work an injustice to any other party.

To the extent Appellant seeks to assert any claim for damages, under the Texas Tort

Claims Act (codified in Chapter 101 of the Texas Civil Practice & Remedies Code,),

Section 101.102 states:

 (a) A suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises.
. . . .

The Defendants did not request or object to transfer of this case from Travis County to a district court in Tarrant County. Furthermore, Appellant attempted to name a state agency and a state official as parties.

**J. Designation of Parole Division Director as a Plaintiff.** Appellant was apparently attempting to name or designate, as a plaintiff, Stuart Jenkins, who was the Director of the Parole Division of the Texas Department of Criminal Justice.[9] Appellant has not shown any authority or standing that he possesses or legal or factual basis permitting him to (1) designate Stuart Jenkins, in an official or personal capacity, as a plaintiff in this case or (2) bring suit on behalf of the Director of the Parole Division or the State of Texas. Furthermore, Appellant did not show that the Director of the Parole Division is a proper or necessary party to this action. The Parole Division's website (https://www.tdcj.state.tx.us/divisions/parole/ ) states:

> The Parole Division supervises offenders released from prison who are serving out their sentences in Texas communities. The Division also performs some pre-release functions by investigating the parole plans proposed by inmates and by tracking parole eligible cases and submitting them for timely consideration by the Board of Pardons and Paroles.
> The Division does not make release decisions, nor does it decide whose parole should be revoked or what special conditions should be placed on releasees. Authority for those decisions rests with the Board of Pardons and Paroles, but the Division works closely with the Board and provides Board members with the documentation needed to make informed decisions.

---

[9] Pamela Thielke is the current director. See Parole Division's website: https://www.tdcj.state.tx.us/divisions/parole/ . Last accessed 11/15/2016. (*Appendix*, pg. 7) Stuart Jenkins retired effective August 31, 2016. See: https://www.tdcj.state.tx.us/connections/MayJune2016/Images/MayJun2016_agency_jenkins.pdf

(*Appendix*, pg. 7) Plaintiff is not a parolee and did not allege or demonstrate any necessary or proper reason for designating Stuart Jenkins as a plaintiff.

Furthermore, Tex. R. Civ. P., Rule 79 ("Petition") provides that: "The petition shall state the names of the parties and their residences, if known, together with the contents prescribed in Rule 47 above." A plaintiff should identify the true parties. The question of who are the parties to a case is a legal question determined primarily by reviewing the pleadings. Rhey v. Redic, 408 S.W.3d 440, 463 (Tex. App.–El Paso 2013, no pet.) A plaintiff must have both standing and capacity to bring suit. Dakil v. Lege, 408 S.W.3d 9, 2012 WL 5247300 at *2 (Tex. App.–El Paso 2012, no pet.). Standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome, whereas capacity is a procedural issue addressing the personal qualifications of a party to litigate. Dakil, 2012 WL 5247300 at *1. "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." Dakil, 2012 WL 5247300 at *1. Nothing in Appellant's pleadings met these requirements as to Stuart Jenkins, as Parole Division Director. Furthermore, the public access website for the Office of General Counsel for the Texas Department of Criminal Justice [https://www.tdcj.state.tx.us/divisions/ogc/index.html) (last accessed 11/7/2016)] states

that office "provides advice and counsel to the Texas Department of Criminal Justice (TDCJ) regarding . . . sentence time calculation, parole, and community supervision matters." (*Appendix*, pg. 9) Sharon Felfe Howell is the current TDCJ General Counsel according to the website. (*Appendix*, pg. 9)

## VI. <u>CONCLUSION AND PRAYER</u>

Appellant's claims against City of Fort Worth and the other defendants are frivolous. City of Fort Worth, as a unit of local government, is not responsible for and has no authority to prosecute felony criminal cases, administer the parole process or make parole decisions. Prosecution and parole decisions are responsibilities carried out by state officials acting on behalf of the State of Texas. For the foregoing reasons, City of Fort Worth requests the Court to affirm dismissal of all claims against City of Fort Worth.

Mr. Perez seeks to challenge his conviction or denial of parole/release in a manner not authorized by statute or Texas courts. Texas does not have a state civil rights action for state law or constitutional violations comparable to 42 U.S. Code § 1983 (authorizing suit for intentional torts violating federal constitutional rights). <u>Johnson v. Thaler</u>, No. 02–10–00435–CV, 2011 WL 1833138, at *2 (Tex. App. – Fort Worth, May 12, 2011, no pet.)(mem. op., not designated for publication). "[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have

been sued[,] unless the state consents to suit." City of North Richland Hills v. Home Town Urban Partners, Ltd., 340 S.W.3d 900, 906 (Tex. App.–Fort Worth, 2011, no pet.), quoting Texas Dept. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). The District Court correctly determined that Appellant had no claim or cause of action over which jurisdiction could be exercised. Appellant's suit for declaratory judgment and/or damages against City of Fort Worth is clearly barred on multiple grounds.

Appellee City of Fort Worth requests that this Court affirm the trial court's dismissal of Appellant's claims for the reasons set forth above.

Respectfully submitted,

/s/ *Laetitia Coleman Brown*
Laetitia Coleman Brown
Senior Assistant City Attorney
State Bar No. 00792417
*laetitia.brown@fortworthtexas.gov*

Gerald Pruitt
Deputy City Attorney
State Bar No. 16369200
*gerald.pruitt@fortworthtexas.gov*

Office of the City Attorney
1000 Throckmorton Street
Fort Worth, Texas 76102-6311
817.392.7600
817.392.8359 Facsimile

**Attorneys for Defendant/Appellee**
**City of Fort Worth**

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this document complies with the margin, spacing, and typeface requirements of Texas Rule of Appellate Procedure 9.4. The undersigned certifies that this document was produced on a computer using Microsoft Word and contains <u>10,377</u> words, as determined by the computer's software word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

## CERTIFICATE OF SERVICE

I, Laetitia Coleman Brown, do hereby certify that a true and correct copy of the above and foregoing Brief of Defendant-Appellee City of Fort Worth was served on the following persons and/or parties, on November 17, 2016, in the manner indicated:

Alejos Perez                                    **BY CM/RRR #7015 1520 0002 8614 9087**
TDCJ # 00535652
TDCJ - Clements Unit
9601 Spur 591
Amarillo, Texas 79107
**APPELLANT / PLAINTIFF PRO SE**

J. R. Molina, Attorney                          BY EMAIL
State Bar No. 14256500
email: jrmolinalaw@gmail.com
1301 N. Houston Street
Fort Worth, Texas  76164
Tel: 817-624-4700; FAX: 817-624-9434
**DEFENDANT / APPELLEE PRO SE**

Christopher Lee Lindsey                          BY EMAIL
Assistant Attorney General
State Bar No. 24065628
Email: christopher.lindsey@texasattorneygeneral.gov
P. O. Box 12548, Capitol Station
Austin, Texas 78711
State Bar No. 24065628
Tel: 512-463-2080; FAX: 512-936-2109
**COUNSEL FOR TEXAS DEPARTMENT**
**OF PUBLIC SAFETY CRIME LABORATORY**

Russell A. Friemel                     BY EMAIL
Assistant Criminal District Attorney
Tarrant County, Texas
State Bar No. 07473500
Tim Curry Criminal Justice Center
401 West Belknap Street, 9th  Floor
Fort Worth, Texas  76196
Email: RAFRIEMEL@tarrantcountytx.gov
Tel: 817-884-1233; Fax: 817-884-1675
**COUNSEL FOR DEFENDANT / APPELLEE TARRANT COUNTY**

No. 03-16-00545-CV

COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

ALEJOS PEREZ,
                                        PLAINTIFF-APPELLANT
            VS.

FORT WORTH POLICE DEPARTMENT,
TEXAS DEPARTMENT OF PUBLIC SAFETY CRIME LABORATORY,
TARRANT COUNTY AND J. R. MOLINA,
                                        DEFENDANTS-APPELLEES

ON APPEAL FROM THE 345TH DISTRICT COURT
TRAVIS COUNTY, TEXAS

APPENDIX TO
BRIEF OF APPELLEE CITY OF FORT WORTH, TEXAS

**Tab**

Information from Public Access Website
    for Texas Department of Criminal Justice-Board of Pardons
    and Paroles—"A Decision Making Body"........................................................... **A**

Information from Public Access Website
    for Texas Department of Criminal Justice-Board of Pardons
    and Paroles—"Board Policies and Directives" .....................................................**B**

Information from Public Access Website
    for Texas Department of Criminal Justice-Board of Pardons
    and Paroles—"Parole/Mandatory Supervision Information"............................ **C**

# EXHIBIT A



# TEXAS BOARD OF PARDONS AND PAROLES

| Main |
| --- |
| Parole/Mandatory Supervision |
| Parole Guidelines |
| Offender Search/Parole Review Information |
| Parole Revocations |
| Clemency |
| Frequently Asked Questions |
| Publications |
| Public Information/ Communications |
| Ombudsman |
| Forms |
| Rules |
| Policies and Directives |
| Contact Information |
| About Us |
| Links |

## A DECISION-MAKING BODY

The Board of Pardons and Paroles decides which eligible offenders to release on parole or discretionary mandatory supervision, and under what conditions. The Board uses research-based Parole Guidelines to assess each offender's likelihood for a successful parole against the risk to society.

The Board also decides whether to revoke parole if conditions are not met, using a graduated sanctions approach. Depending on the seriousness of the violation, the Board may continue parole, impose additional conditions, place the offender in an Intermediate Sanction Facility, or use other alternatives to revoking parole and sending the offender back to prison.

Additionally, the Board recommends clemency matters, including pardons, to the Governor.

Main Office - 512-406-5452      Parole Status Line - 844-512-0461

## LATEST BOARD NEWS:

Governor Abbott appoints Gutiérrez Chair, names Robertson Member of Board of Pardons and Paroles

Senate Approves Governor Abbott Appointee Fred Solis to BPP

Governor Perry Appoints Rangel to BPP

TXBPP Announces New Nationwide Toll-Free Telephone Number

Read the members' biographies and office assignments

Statement on parole release of civilly committed offenders

"Parole in Texas" available on-line

Parole granted more often, revoked less

Link to the Texas Veterans Portal: A resource for veterans, their families and their survivors.
Link to Association of Paroling Authorities International

Updated 10/28/2016

Accessibility | Contact Us | Terms of Use | Privacy Statement
©2007 Texas Board of Pardons and Paroles. All rights reserved.

# EXHIBIT B

BRIEF OF APPELLEE CITY OF FORT WORTH



# TEXAS BOARD OF PARDONS AND PAROLES



| Main |
|---|
| Parole/Mandatory Supervision |
| Parole Guidelines |
| Parole Revocations |
| Clemency |
| Frequently Asked Questions |
| Publications |
| Public Information/ Communications |
| Ombudsman |
| Forms |
| Rules |
| Policies and Directives |
| Contact Information |
| About Us |
| Links |

## BOARD POLICIES AND DIRECTIVES

Board policies set standards and guidelines for administering the business of the Board and are adopted by Board vote.

Board Directives are more specific instructions in carrying out its statutory responsibilities and are issued by Chair/Presiding Officer.

Anyone wishing to create a Policy Handbook may click on the **Table of Contents** below, save the file to a hard drive, and print the document for insertion in a binder. The Table of Contents and specific pages may be replaced whenever updated.

### Table of Contents

Please click on the Table of Contents name below, and save the file to your hard drive. You can then print the document and insert it in your Policy Handbook. You can throw away the Table of Contents that this one supersedes.

Policy Handbook Table of Contents 09/27/2016

### Policies

| Policy | Name |
|---|---|
| BPP-POL.141.200 | BOARD OF PARDONS AND PAROLES MISSION STATEMENT |
| BPP-POL.141.201 | POLICY STATEMENT ON INTERNAL AUDIT PROCEDURES |
| BPP-POL.141.202 | PUBLIC COMMENTS |
| BPP-POL.141.203 | USE OF TECHNOLOGY |
| BPP-POL.141.204 | NEGOTIATED RULEMAKING |
| BPP-POL.141.300 | HANDGUN POLICY |
| BPP-POL.143.200 | CLEMENCY |
| BPP-POL.145.200 | EXTRAORDINARY VOTE (SB 45) |
| BPP-POL.145.201 | ACTION UPON REVIEW-RELEASE DENIED |
| BPP-POL.145.202 | DISCRETIONARY MANDATORY SUPERVISION |
| BPP-POL.145.203 | ELIGIBILITY FOR RELEASE; CONSECUTIVE (CUMULATIVE) FELONY SENTENCES |
| BPP-POL.145.204 | MEDICALLY RECOMMENDED INTENSIVE SUPERVISION |
| BPP-POL.145.205 | DESIGNATION OF STANDARDIZED DISTANCE FOR CHILD SAFETY ZONES |
| BPP-POL.145.206 | SPECIAL REVIEW-RELEASE DENIED |
| BPP-POL.145.207 | EXTRAORDINARY VOTE (HB 1914) |
| BPP-POL.145.250 | SPECIAL CONDITION "C" (PROHIBITED FINANCIAL ACTIVITIES) |
| BPP-POL.145.251 | SPECIAL CONDITION "D" (DETAINER) |

| | |
|---|---|
| BPP-POL.145.252 | SPECIAL CONDITION "E" (EDUCATIONAL SKILL LEVEL) |
| BPP-POL.145.254 | SPECIAL CONDITION "I" EMPLOYER NOTIFICATION |
| BPP-POL.145.255 | SPECIAL CONDITION "L" (MAXIMUM LEVEL OF SUPERVISION) |
| BPP-POL.145.256 | SPECIAL CONDITION "M" (SEX OFFENDER REGISTRATION CONDITION AND DNA SUBMISSION |
| BPP-POL.145.257 | SPECIAL CONDITION "P" (SPECIAL NEEDS OFFENDER PROGRAM CASELOAD) |
| BPP-POL.145.258 | SPECIAL CONDITION "R" (RESTITUTION) |
| BPP-POL.145.259 | SPECIAL CONDITION "S" (SUBSTANCE ABUSE) |
| BPP-POL.145.260 | SPECIAL CONDITION SISP (SUPER INTENSIVE SUPERVISION PROGRAM) |
| BPP-POL.145.261 | SPECIAL CONDITION "T" (ELECTRONIC MONITORIN |
| BPP-POL.145.262 | SPECIAL CONDITION "V" (VICTIM) |
| BPP-POL.145.263 | SPECIAL CONDITION "X" (SEX OFFENDER CONDITION) |
| BPP-POL.145.264 | SPECIAL CONDITION "Z" (NOT TO ENTER A SPECIFIED COUNTY) |
| BPP-POL.145.265 | SPECIAL CONDITION "N" (PROHIBITION ON INTERNET ACCESS FOR CERTAIN SEX OFFENDER |
| BPP-POL.145.266 | GANG AFFILIATION |
| BPP-POL.145.267 | SPECIAL CONDITION "ISF" (INTERMEDIATE SANCTION FACILITY) |
| BPP-POL.146.251 | SPECIAL CONDITION "SAFP" (SUBSTANCE ABUSE FELONY PROGRAM) |
| BPP-POL.146.252 | PRELIMINARY HEARINGS-PENDING CRIMINAL CHARGES |
| BPP-POL.148.200 | SEX OFFENDER CONDITIONS - RELEASEE NOT CONVICTED OF A SEX OFFENSE |

back to top of page

**Directives**

| Directive | Name |
|---|---|
| BPP-DIR. 08-03.06 | BOARD DIRECTIVE RESCISSION BPP-DIR. 08-03.06 |
| BPP-DIR.141.300 | BOARD POLICY-MAKING AND MANAGEMENT RESPONSIBILITIES |
| BPP-DIR.141.301 | WORK HOURS FOR BOARD OFFICE STAFF |
| BPP-DIR.141.302 | WORK HOURS FOR MEMBERS OF THE BOARD OF PARDONS AND PAROLES |
| BPP-DIR.141.304 | PAROLE PANELS |
| BPP-DIR.141.305 | TRAVEL |
| BPP-DIR.141.306 | VIDEOCONFERENCING |
| BPP-DIR.141.307 | DEPARTURE PROCESSING PROCEDURES |
| BPP-DIR.141.309 | ETHICS POLICY |
| BPP-DIR.141.310 | GENERAL COUNSELS OFFICE POLICY |
| BPP-DIR.141.311 | REVIEW AND IMPLEMENTATION OF LEGISLATION |
| BPP-DIR.141.312 | ANALYST COVERAGE |
| BPP-DIR.141.314 | RESCIND BPP-DIR 141.314 PERFORMANCE EVALUATION - PAROLE COMMISSIONER |
| BPP-DIR.141.315 | EMPLOYEE IDENTIFICATION CARD |

| BPP-DIR.141.318 | THE BOARD OF PARDONS AND PAROLES VEHICLE POLICY |
| BPP-DIR.141.319 | RESCIND BPP-DIR 141.319 CARRYING A HANDGUN |
| BPP-DIR.141.320 | BUDGET EXPENDITURE APPROVAL |
| BPP-DIR.141.330 | POLICIES AND PROCEDURES |
| BPP-DIR.141.351 | RECORDS OF COMPLAINTS |
| BPP-DIR.141.352 | PUBLIC INFORMATION OFFICE POLICY |
| BPP-DIR.141.353 | VISITORS ON BEHALF OF AN OFFENDER |
| BPP-DIR.141.355 | OFFENDER PAROLE INTERVIEWS IF INCARCERATED FOR 20 CONSECUTIVE YEARS |
| BPP-DIR.141.357 | TEXAS BOARD OF PARDONS AND PAROLES ELECTRONIC MAIL (E-MAIL) |
| BPP-DIR.141.358 | VISITORS REGISTRATION |
| BPP-DIR.141.400 | EXPUNCTIONS |
| BPP-DIR.143.300 | CLEMENCY FOR CAPITAL CASES |
| BPP-DIR.143.330 | FULL PARDON - CONVICTION |
| BPP-DIR.143.340 | FULL PARDON - DEFERRED ADJUDICATION |
| BPP-DIR.143.350 | REPRIEVES-FAMILY AND EMERGENCY MEDICAL |
| BPP-DIR.145.300 | ACTION UPON REVIEW - APPROVAL |
| BPP-DIR.145.301 | EXTRAORDINARY VOTE (SB 45) |
| BPP-DIR.145.302 | PROPOSING NEW SPECIAL CONDITIONS |
| BPP-DIR.145.303 | NOTIFICATION OF A PAROLE PANEL DECISION |
| BPP-DIR.145.304 | CUMULATIVE OR CONSECUTIVE SENTENCES |
| BPP-DIR.145.305 | FI-6 DWI PROGRAM |
| BPP-DIR.145.307 | SEX OFFENDER TREATMENT VOTING |
| BPP-DIR.145.308 | PROTEST MAIL FROM TRIAL OFFICIALS |
| BPP-DIR.145.310 | PERSONAL APPEARANCE ON VICTIM'S BEHALF |
| BPP-DIR.145.350 | CONDITIONS OF PAROLE |
| BPP-DIR.145.351 | SPECIAL CONDITION SISP - ANNUAL REVIEW |
| BPP-DIR.146.300 | MOTION TO REOPEN HEARING |
| BPP-DIR.148.300 | SEX OFFENDER CONDITIONS – RELEASEES NOT CONVICTED OF A SEX OFFENSE |

back to top of page

In order to read some of the above documents, you must have Adobe's Acrobat PDF Reader installed.

Updated 10/13/2016

Accessibility | Contact Us | Terms of Use | Privacy Statement
©2007 Texas Board of Pardons and Paroles. All rights reserved.

# EXHIBIT C



# TEXAS BOARD OF PARDONS AND PAROLES

| Main |
| --- |
| **Parole/Mandatory Supervision** |
| • Parole<br>• Parole Eligibility<br>• Similarities Between Parole and Mandatory Supervision<br>• Parole Review Periods<br>• Multi-Year Review Periods<br>• Parole Review Process<br>• Parole Panel Voting Options<br>• Full Board Parole Decisions<br>• Factors Considered in Voting a Case<br>• Approval / Denial Reasons |
| **Parole Guidelines** |
| **Parole Revocations** |
| **Clemency** |
| **Frequently Asked Questions** |
| **Publications** |
| **Public Information/ Communications** |
| **Ombudsman** |
| **Forms** |
| **Rules** |
| **Policies and Directives** |
| **Contact Information** |

## PAROLE / MANDATORY SUPERVISION INFORMATION

**What is Parole?**

Parole is the discretionary release of an offender, by a Board of Pardons and Paroles decision, to serve the remainder of a sentence in the community under supervision.

Parole is a privilege, not a right.

**What is Mandatory Supervision?**

Mandatory Supervision is a legislatively mandated release of a prisoner to parole supervision when the combination of actual calendar time and good conduct time equal the sentence. Good conduct time is credited to an offender for participating in work and self-improvement programs.

Not all offenders are eligible. Offenders convicted of offenses listed under §508.149(a) Government Code, are not eligible. Also, the Board may deny mandatory release on a case-by-case basis for offenders whose offense date was on or after September 1, 1996 (Discretionary Mandatory Release).

Updated 01/16/2013

| About Us |
|----------|
| Links |

**Accessibility** | **Contact Us** | **Terms of Use** | **Privacy Statement**
©2007 Texas Board of Pardons and Paroles. All rights reserved.